## L. I. WICKETT v. STATE.

No. A-6498. Opinion Filed Oct. 6, 1928.
(270 Pac. 861.)

A. M. De Graffenried, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of McIntosh county on a charge of selling one-half gallon of whisky to Sam Monahawee, and

was sentenced to imprisonment in the county jail for 30 days and to pay a fine of $100 and costs. To reverse said judgment defendant has appealed to this court by case-made with petition in error attached.

The case was filed in this court on February 15, 1927. Under the rules of this court, where an appeal is not supported by brief and no personal appearance is made by plaintiff in error to orally argue the same, it is assumed that the plaintiff in error has abandoned his appeal or that it is without merit.

Two of the officers of McIntosh county, in their zeal to catch the defendant, gave the witness Monahawee money and sent him to defendant's house, as they claim, to buy whisky. The record shows that the witness went to the home of defendant and talked to the defendant about buying some cattle. The witness says he bought one-half gallon of whisky from the defendant, for which he paid $5. Defendant denies he sold witness any whisky. Defendant says he sold the witness a calf, for which he received $5. It is the duty of the officers to enforce the law, but we do feel constrained to say we do not approve of the method used by the officers.

The evidence in this case is conflicting. This court has repeatedly held that it will not interfere with the finding of the jury where there is any competent evidence to sustain the verdict. A careful examination of the record discloses that the information charges an offense; that the evidence sustains the verdict; and that there are no fundamental errors prejudicial to the rights of the defendant.

The judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.